UNITED STATES

v.

Airman First Class Richard R.
MARKLEY, FR301–42–4404
United States Air Force.

ACM 30241.

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 Sept. 1992.

Decided 17 June 1994.

Appellate Counsel for Appellant: Colonel Terry J. Woodhouse, Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, Major Conrad C. Baldwin, Jr., and Major Gilbert J. Andia.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Major John H. Kongable.

Before SNYDER, J., and RAICHLE, Senior Judge, and YOUNG, Appellate Military J.

OPINION OF THE COURT

RAICHLE, Senior Judge:

Airman First Class Richard R. Markley, the appellant, was convicted, pursuant to his pleas, of presenting a false claim and dereliction of duty, violations of Articles 132 and 92, UCMJ, 10 U.S.C. §§ 932 and 892 (1988), respectively. He was sentenced to a bad conduct discharge, confinement for 10 months, total forfeiture of all pay and allowances, a $1000 fine, and reduction to E–1. The convening authority approved the sentence, as adjudged, except for the fine. On appeal, the appellant alleges that his plea of guilty was not knowingly and intelligently entered because the military judge failed to inquire into the source of the duty of which the appellant was derelict. We disagree and affirm.

The appellant and his wife moved into on-base housing at Kirtland Air Force Base on

13 May 1988. Mrs. Markley vacated the quarters in September 1990, served the appellant with legal separation papers about 26 September 1990, and was finally divorced from the appellant on 7 March 1991. Despite the fact that his wife permanently left the quarters in early September 1990, the appellant continued to live in base quarters by himself. He finally moved out of the quarters on 12 August 1991 and filed for Basic Allowance for Quarters (BAQ) on 13 August 1991, indicating that he was still married. Consequently, the appellant received BAQ at the "with dependents" rate from 13 August 1991 through 15 March 1992. He was charged with and convicted of presenting a false claim (for the BAQ) and dereliction of the duty to advise the housing office that he was separated (while living in base quarters) and to advise military pay that he was divorced (when filing his claim for BAQ).

Article 45(a), UCMJ, 10 U.S.C. § 845(a) (1988), precludes the entry of inconsistent, improvident, or uninformed pleas of guilty. However, when a plea of guilty is attacked for the first time on appeal, the facts will be viewed in the light most favorable to the government. *United States v. Hubbard,* 28 M.J. 203 (C.M.A.1989). A guilty plea should not be overturned on appeal unless the record of trial shows a substantial basis in law and fact for a conflict between the plea and the accused's statements. *U.S. v. Prater,* 32 M.J. 433 (C.M.A. 1991).

The elements of the offense of dereliction of duty are:

1) That the accused had a certain duty;

2) That the accused knew or should have known of the assigned duty;

3) That, at the time and place alleged, the accused was derelict in the performance of that duty.

Nowhere in these elements is there a requirement that the accused be advised as to the source of his duty. It is sufficient if he is aware that there is such a duty. The record is replete with the appellant's understanding that there was a duty to report changes in one's marital status to the housing office and military pay and that he knew of this duty. He so stated during the *Care* * inquiry and even stipulated as a matter of fact that he was aware of his duty to report this information to the above agencies.

Finally, there can be no doubt that there is such a duty. With regard to the duty to inform military pay, see *United States v. Antonelli,* 37 M.J. 932 (A.F.C.M.R. 1993), n. 14 ("A military member's failure to report a change in his status affecting his entitlement for a military pay allowance may amount to a dereliction of duty"). Likewise, the duty to inform the housing office of a separation is implied in Air Force Regulation 90–1, *Family Housing Management,* ¶ 9–3f (Oct. 1990), where it states:

f. Family Separation. A military member who no longer lives with his or her dependents (or dependents no longer live with the member) must terminate family housing within 30 days.

It would defy common sense to insist that one could move out of family housing without telling the housing office. We agree with the Navy Board of Review which stated many years ago in a similar situation:

The Board cannot subscribe to the theory that the law demands that regulations governing the armed services, in order to impose a duty upon a service member, must spell out in every instance, with specificity, each and every action the individual is duty bound to perform under all imaginable factual situations. The numerous and varied duties from any military status must necessarily be promulgated, in great part, by regulations pronouncing broad concepts of acceptable conduct from which flow the inherent responsibility to perform those specific acts which are reasonable, proper, and sufficient under the existing circumstances.

* *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

*United States v. Moore,* 21 C.M.R. 544, 548 (N.B.R.1956).

The findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. The findings of guilty and the sentence are

AFFIRMED.